1

2                    UNITED STATES DISTRICT COURT

3              FOR THE NORTHERN DISTRICT OF CALIFORNIA

4                           OAKLAND DIVISION

5

6    ADAM MCDONALD,                          Case No:  C 09-1181 SBA

7              Plaintiff,
                                             **ORDER TO SHOW CAUSE RE
8         vs.                                DISMISSAL**

9    UNITED STATES OF AMERICA, et al.,

10             Defendants.

11

12        This Court previously ordered Plaintiff to set up a telephonic Case Management Conference

13   for September 30, 2009 at 2:45 p.m.  However, Plaintiff failed to comply with this Order.

14        In addition, it appears from the record that Plaintiff has not complied with Federal Rule of

15   Civil Procedure 4(m), which requires that service of process be effectuated on the Defendant

16   within 120 days after the filing of the complaint.  This rule states:

17             If service of the summons and complaint is not made on a defendant
               within 120 days after the filing of the complaint, the court, upon
18             motion or on its own initiative after notice to the plaintiff, <u>shall
               dismiss the action</u> without prejudice as to that defendant or direct that
19             service be effected within a specified time; provided that if plaintiff
               shows good cause for the failure, the court shall extend the time for
20             service for an appropriate period.

21
     (Emphasis added).
22
          Inadvertent error or ignorance of the governing rules does not establish good cause.  <u>See</u>
23
     <u>Townsel v. County of Contra Costa</u>, 820 F.2d 319, 320 (9th Cir. 1987).  Moreover, dismissal is
24
     mandated even where the dismissal eliminates the plaintiff's cause of action.  <u>Wei v. Hawaii</u>, 763
25
     F.2d 370, 372 (9th Cir. 1985) (claim dismissed notwithstanding that its refiling would be barred by
26
     the statute of limitations).
27

28

In the instant case, Plaintiff filed his pro se complaint on March 18, 2009. Under Rule 4(m), the last day to effect service was July 16, 2009. However, as of the date of this Order, there is no indication in the Court file that Plaintiff has properly served the Complaint on any of the Defendants. The failure to comply with the Federal Rules of Civil Procedure or any order of the court is grounds for dismissal of this action under Federal Rule of Civil Procedure 41(b). Ferdick v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

Accordingly,

IT IS HEREBY ORDERED THAT:

(1) The case management conference scheduled for November 12, 2009, at 4:00 p.m. is vavated.

(2) The parties shall appear in this Court on December 2, 2009 at 3:45 p.m. (by telephone) to show cause why this case should not be dismissed and/or sanctions should not be imposed for lack of prosecution and/or failure to comply with Rule 4(m). Plaintiff shall be responsible for filing the Certificate of Counsel, as set forth below, as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

(2) At least ten (10) days prior to the date specified for the court appearance, Plaintiff must file a Certificate of Counsel with the Clerk of the Court to explain why the case should or should not be dismissed and why sanctions should or should not be imposed for lack of prosecution and/or failure to comply with Rule 4(m). The Certificate shall set forth the nature of the cause, its present status, the reason it has not been brought to trial or otherwise terminated, any basis for opposition to dismissal by any party, and its expected course if not dismissed.

(3) Please take notice that this Order requires both the specified court appearance and the filing of the Certificate of Counsel. FAILURE TO FULLY COMPLY WITH THIS ORDER WILL BE DEEMED SUFFICIENT GROUNDS UPON WHICH TO DISMISS THE ACTION.

Dated: 11/9/09

_Saundra B Armstrong_
Hon. Saundra Brown Armstrong
United States District Judge

- 2 -