UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ADAM MCDONALD,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No:  C 09-1181 SBA<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL** |

This Court previously ordered Plaintiff to set up a telephonic Case Management Conference for September 30, 2009 at 2:45 p.m.  However, Plaintiff failed to comply with this Order.

In addition, it appears from the record that Plaintiff has not complied with Federal Rule of Civil Procedure 4(m), which requires that service of process be effectuated on the Defendant within 120 days after the filing of the complaint.  This rule states:

> If service of the summons and complaint is not made on a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, <u>shall dismiss the action</u> without prejudice as to that defendant or direct that service be effected within a specified time; provided that if plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

(Emphasis added).

Inadvertent error or ignorance of the governing rules does not establish good cause.  <u>See</u> <u>Townsel v. County of Contra Costa</u>, 820 F.2d 319, 320 (9th Cir. 1987).  Moreover, dismissal is mandated even where the dismissal eliminates the plaintiff's cause of action.  <u>Wei v. Hawaii</u>, 763 F.2d 370, 372 (9th Cir. 1985) (claim dismissed notwithstanding that its refiling would be barred by the statute of limitations).

1    In the instant case, Plaintiff filed his pro se complaint on March 18, 2009.  Under Rule
2 4(m), the last day to effect service was July 16, 2009.  However, as of the date of this Order, there
3 is no indication in the Court file that Plaintiff has properly served the Complaint on any of the
4 Defendants.   The failure to comply with the Federal Rules of Civil Procedure or any order of the
5 court is grounds for dismissal of this action under Federal Rule of Civil Procedure 41(b).  <u>Ferdick</u>
6 <u>v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992).

7    Accordingly,

8    IT IS HEREBY ORDERED THAT:

9    (1)    The case management conference scheduled for November 12, 2009, at 4:00 p.m. is
10 vavated.

11    (2)    The parties shall appear in this Court on <u>December 2, 2009 at 3:45 p.m.</u> (by
12 telephone) to show cause why this case should not be dismissed and/or sanctions should not be
13 imposed for lack of prosecution and/or failure to comply with Rule 4(m).  Plaintiff shall be
14 responsible for filing the Certificate of Counsel, as set forth below, as well as for arranging the
15 conference call.  All parties shall be on the line and shall call (510) 637-3559 at the above indicated
16 date and time.

17    (2)    At least ten (10) days prior to the date specified for the court appearance, Plaintiff
18 must file a Certificate of Counsel with the Clerk of the Court to explain why the case should or
19 should not be dismissed and why sanctions should or should not be imposed for lack of prosecution
20 and/or failure to comply with Rule 4(m).  The Certificate shall set forth the nature of the cause, its
21 present status, the reason it has not been brought to trial or otherwise terminated, any basis for
22 opposition to dismissal by any party, and its expected course if not dismissed.

23    (3)    Please take notice that this Order requires both the specified court appearance and
24 the filing of the Certificate of Counsel.  FAILURE TO FULLY COMPLY WITH THIS ORDER
25 WILL BE DEEMED SUFFICIENT GROUNDS UPON WHICH TO DISMISS THE ACTION.

Dated: 11/9/09

*Saundra B Armstrong*
Hon. Saundra Brown Armstrong
United States District Judge