UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ADAM MCDONALD,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No: C 09-1181 SBA<br><br>**ORDER DISMISSING CASE** |

Plaintiff Adam McDonald ("Plaintiff") filed the instant action on March 18, 2009. On June 25, 2009, the Court issued an order setting a case management conference and instructing Plaintiff to call chambers on September 30, 2009. (Docket No. 14.) Plaintiff failed to comply with the Court's order. On November 9, 2009, the Court, upon a review of the record that revealed Plaintiff had yet to serve any defendants in this action, issued an order that (1) instructed Plaintiff to appear before the Court on December 2, 2009, to show cause why this case should not be dismissed for failure to prosecute and/or comply with Federal Rule of Civil Procedure 4(m); (2) instructed Plaintiff to file a Certificate of Counsel 10 days before the hearing; and (3) warned Plaintiff that failure to comply with any order of the Court would be deemed sufficient grounds upon which to dismiss the action. (Docket No. 17.) On December 2, 2009, the Court held a hearing on its order to show cause. Plaintiff failed to (1) file a Certificate of Counsel as ordered by the Court and (2) appear at the hearing as ordered by the Court.

It is well established that a district court has authority to dismiss a plaintiff's action for failure to prosecute or to comply with court orders. See Fed.R.Civ.P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962) ("The power to invoke this sanction is necessary in

order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."); Ferdik v. Bonzelet, 936 F.2d 1258, 1260 (9th Cir. 1992) (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

In determining whether to dismiss a case for failure to prosecute or to comply with court orders, a court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. In Re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 936 F.2d at 1260-61 (9th Cir. 1992) (failure to comply with court orders).

In the instant action, the first two factors - public interest in expeditious resolution of litigation and the need to manage the Court's docket - weigh in favor of dismissal. Plaintiff has not prosecuted this action by effecting service of process as required by FRCP 4(m) and has failed to comply with Court orders regarding the filing of the Certificate of Counsel and appearing at the order to show cause hearing. Plaintiff's conduct hinders the Court's ability to move this case towards disposition, and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor - prejudice to defendants - also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53 ("[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure."). There is nothing to suggest that such a presumption is unwarranted in this case.

The fourth factor - public policy in favor of deciding cases on their merits - ordinarily weighs against dismissal. However, it is a plaintiff's responsibility to move an action towards disposition at a reasonable pace, and avoid dilatory and evasive tactics. Morris v. Morgan Stanley,

942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to comply with the Court's orders or to effect proper service.

The fifth factor - availability of less drastic sanctions - also weighs in favor of dismissal. The Court attempted to avoid outright dismissal by affording Plaintiff the opportunity to comply with the Court's orders and/or to explain his conduct.  Additionally, the Court specifically warned Plaintiff that failure to comply with any of the Court's orders would deemed sufficient grounds upon which to dismiss this case. See Ferdik, 963 F.2d at 1262 ("…a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.") (citations omitted).  The Court notes that as of March 8, 2010, Plaintiff has yet to contact the Court.

Taking into account all of the factors discussed above, dismissal for failure to comply with the Court's orders and for failure to prosecute is appropriate.

Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's Complaint is DISMISSED.


Dated:  March 9, 2010                                    _____
                                                                              Hon. Saundra Brown Armstrong
                                                                              United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MCDONALD et al,

       Plaintiff,

  v.

THE UNITED STATES OF AMERICA et al,

       Defendant.
                                         /

Case Number: CV09-01181 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 10, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Adam McDonald
570 El Camino Real
#150-141
Redwood City, CA 94063

Dated: March 10, 2010
                                    Richard W. Wieking, Clerk

                                    By: LISA R CLARK, Deputy Clerk